*Demitz & Hubble, for appellant.*

*Bar & Goodloe, for appellee.*

---

RICHARD SHALER *v.* NEWPORT FUEL CO.

**Evidence—Book Account—Entries.**

The account books of a company are not competent evidence against a party who was neither a stockholder nor officer in the company at the time the entries were made.

APPEAL FROM CAMPBELL CIRCUIT COURT.

December 6, 1870.

OPINION BY JUDGE LINDSAY:

The correctness of the judgment appealed from depends upon whether or not the circuit court erred in overruling Shaler's exceptions to the Master's report upon which said judgment is predicated. Exception No. 1 tacitly concedes that the claims due the Fuel Company to the amount of $1,332.25 were turned over to appellant by his predecessor in office. He failed to turn any part of them over to his successor when he ceased to act as secretary.

There is no proof that all or any part of them were upon insolvent parties, nor that any part of them remained uncollected. Under the circumstances the legal presumption is that they were all collected by him. We think said exception, as well as exceptions No. 3 and 4 were properly overruled.

But we are not satisfied that the charge against appellant for the market value of the 26,108 bushels of coal, which seems to have been unaccounted for by either of the Shalers, is proper.

Said charge cannot be sustained by anything in the record, unless it be admitted that N. S. Shaler turned over to the appellant, when he went into office the quantity of coal assumed by the witness Baughan, viz: 44,660 bushels. There is no evidence to warrant this assumption, except the books kept by said N. S. Shaler while he acted as secretary of the Fuel Company.

These books are not evidence against the appellant, who was neither a stockholder nor officer in said company at the time the entries in said books were made.

It therefore follows that said charge is not proven by competent testimony "and such being the case exception No. 2 should have been sustained."

Judgment then should have been rendered against appellant for such balance as he was shown by the Master's report to be in the arrears to the Fuel company after excluding said item of 26,108 bushels of coal.

Wherefore the judgment of the circuit court is reversed and the cause remanded with instructions to render judgment in conformity with this opinion.

*Hallam, Hawkins & Boden, Webster, for appellant.*

*O. W. Root, for appellee.*